IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02269-MSK-CBS

KARL A. ROBINSON,
    Plaintiff,
v

UNITED STATES OF AMERICA,
    Defendant.

---

RECOMMENDATION REGARDING DEFENDANT'S MOTION TO DISMISS

---

Magistrate Judge Shaffer

This matter comes before the court on Defendant's Motion to Dismiss (doc. #16) for lack of subject matter jurisdiction and failure to state a claim, filed on October 28, 2013. This motion was referred to the Magistrate Judge pursuant to the Order of Reference dated September 10, 2013 (doc. #12). The court has carefully considered the Motion and related briefing, the entire case file, the comments offered by the parties during the November 15, 2013 Preliminary Scheduling Conference, and applicable case law. For the following reasons, I recommend that Defendant's Motion to Dismiss be granted.

## BACKGROUND

Mr. Robinson, a *pro se* prisoner incarcerated at the Federal Correctional Institution in Englewood, Colorado ("EFCI"), filed this lawsuit alleging personal injury resulting from the negligence of certain United States Federal Bureau of Prisons ("FBP") medical staff. Plaintiff alleges that in 2008, while he was in FBP custody in Bennettsville, South Carolina, he experienced a severe allergic reaction to the antibiotic Bactrim and consequently suffered liver damage. The allergy was correctly recorded in Plaintiff's written medical records, but

1

incorrectly documented in his electronic records as an allergy to penicillin. Plaintiff was not told of his allergy to Bactrim, and he was subsequently transferred to FBP custody in Englewood.

In August 2011, Plaintiff visited the EFCI clinic complaining of an infection; he was treated with antibiotics administered by a "mid-level provider" at the clinic. Plaintiff became severely ill after ingesting the drugs, and was admitted to Swedish Medical Center in Englewood on August 27, 2011. Plaintiff learned of his allergy to Bactrim while under the care of the hospital physician, and learned that he had again suffered "acute liver injury" as a result of ingesting Bactrim. Plaintiff was discharged from the hospital on September 2, 2011, with instructions providing for a doctor's examination within one day, daily liver function tests for three days, and prescriptions for eight medications. Plaintiff alleges that EFCI clinic employees did not provide access to the clinic's only doctor until October 17, 2011. The clinic did not administer lab work until September 8, 2011, and the results were abnormal. Moreover, Plaintiff received only two of the eight prescribed medications from the mid-level provider, who allegedly refused to answer any of Plaintiff's precautionary questions regarding the medicine. Plaintiff claims he experienced "extraordinary pain and mental anguish" caused by taking Bactrim, and that the fear associated with developing an infection and ingesting Bactrim without his knowledge persists to this day.

On May 16, 2012, Plaintiff filed an administrative claim with the North Central Regional Office of the FBP (dkt. #16-2). The agency denied the claim on November 8, 2012 stating that investigation of Plaintiff's claim "did not reveal [he] suffered any personal injury as a result of the negligent acts or omissions of Bureau of Prisons employees acting within the scope of their employment." (Dkt. #16-3). Plaintiff received the denial on November 13, 2012, which

instructed him to file a civil action in the appropriate U.S. district court within six months of the letter's date if he was dissatisfied with the agency's decision. *Id.*

## PROCEDURAL HISTORY

Plaintiff filed a "Petition for Relief Pursuant to the Federal Tort Claims Act" on May 6, 2013. *See Robinson v. United States of America*, 13-cv-01195-LTB (D. Colo. June 24, 2013). On May 7, 2013, the court ordered Plaintiff to cure the deficiencies in his Petition by submitting within thirty days a Prisoner Complaint and either paying the $350.00 filing fee or filing a properly supported motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The order advised Plaintiff that he could find the proper forms on the district court's website or through the help of his case manager. Plaintiff timely filed a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, but failed to file a Prisoner's Complaint. Accordingly, the court dismissed his lawsuit without prejudice on June 12, 2013.[1]

Plaintiff filed the current action asserting identical allegations of negligence under the Federal Tort Claims Act ("FTCA") against FBP employees on August 22, 2013. Representatives for Defendant were served with a summons and copy of the Complaint in September 2013. Defendant filed a Motion to Dismiss on October 28, 2013 (dkt. #16), and Plaintiff filed his Response on November 4, 2013 (dkt. #17). This court held a Preliminary Scheduling Conference on November 15, 2013, at which the undersigned proposed to stay discovery pending the resolution of Defendant's Motion to Dismiss, and discussed with the parties the relevancy of a C.R.S. § 13-20-602 certificate of review and whether equitable tolling applies here (dkt. #19). Defendant requested and received a twenty-one day extension to submit its Reply brief, which was filed December 12, 2013 (dkt. #25).

---

[1] Plaintiff filed a Motion to Reconsider on June 19, 2013, which the court denied on June 24, 2013.

## STANDARD OF REVIEW

**A.      Fed. R. Civ. P. 12(b)(1)**

The United States is generally entitled to sovereign immunity from suit. However, the FTCA grants subject matter jurisdiction to federal courts over claims against the United States seeking money damages for personal injury caused by the negligence of federal employees while acting within the scope of their employment. 28 U.S.C. § 1346(b)(1); *see Nero v. Cherokee Nation of Oklahoma*, 892 F.2d 1457, 1463 (10th Cir. 1989). The FTCA requires a claimant to exhaust administrative remedies prior to initiating an FTCA action in federal court, a "requirement [that] is jurisdictional and cannot be waived." *Nero*, 892 F.2d at 1463. A claimant must file an administrative tort claim with the appropriate federal agency within two years of the date of the claim's accrual before initiating an FTCA action in federal district court. 28 U.S.C. §§ 2401(b), 2675(a); *Pipkin v. U.S. Postal Service*, 951 F.2d 272, 274 (10th Cir. 1991). If the agency denies the claim within six months after it is filed, or fails to respond, the claimant must then initiate an FTCA action in a district court (or seek reconsideration from the agency) within six months of the notice of denial of the claim. 28 U.S.C.A. §§ 2675(a), 2401(b). If the claimant fails to timely comply with the FTCA's exhaustion requirement and timely commence an action in federal court, the claim is forever barred. 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred … unless action is begun within six months after the date of mailing, … of notice of final denial of the claim by the agency…."); *Haceesa v. United States*, 309 F.3d 722, 733 n.9 (10th Cir. 2002).

**B.      Fed. R. Civ. P. 12(b)(6)**

Under 12(b)(6) a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the

4

court must "accept as true all well-pleaded factual allegations … and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). However, a plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). As the Tenth Circuit explained in *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007), "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." "The burden is on the plaintiff to frame 'a complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atlantic Corp.*, 550 U.S. at 556). The ultimate duty of the court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

Because Mr. Robinson is appearing *pro se*, the court "review[s] [his] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a court may not assume that a plaintiff can prove facts that he has not alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *See Gallagher v. Shelton*,

587 F.3d 1063, 1067 (10th Cir. 2009) (court's role is not to act as the *pro se* litigant's advocate); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in that absence of any discussion of those issues").

## ANALYSIS

### A. Plaintiff's Claim is Time Barred

Timeliness of a lawsuit is one of the conditions of the government's waiver of sovereign immunity under the FTCA, and "the district court lacks subject matter jurisdiction to proceed under the FTCA if a plaintiff fails to satisfy the FTCA's timing requirements set forth in 2401(b)." *Franklin Savings Corp. v. United States*, 385 F.3d 1279, 1287 (10th Cir. 2004), *cert denied*, 546 U.S. 814 (2005); *see also United States v. Kubrick*, 444 U.S. 111, 117-18 (1979) (the statute of limitations provided in § 2401(b) is strictly construed because the FTCA "waives the immunity of the United States"). Tort claims against the United States are barred unless presented to an appropriate federal agency within two years of the claim accruing and filed within six months after the agency's denial of the claim. *See, e.g., Franklin Savings Corp.*, 385 F.3d at 1287. The six-month time limitation is absolute, and a separately filed claim (as opposed to an amendment or supplementary pleading) does not relate back to a previously filed claim. *Benge v. United States*, 17 F.3d 1286, 1288 (10th Cir. 1994) (citing *Pipkin*, 951 F.2d at 274).[2]

The North Central Regional Office denied Plaintiff's administrative claim on November 8, 2012 (dkt. #16-3). Plaintiff filed his first lawsuit under the FTCA on May 6, 2013, two days before the six-month expiration date. *See Robinson*, 13-cv-01195-BNB. The court dismissed Plaintiff's action without prejudice for failure to cure deficiencies. *Id.* Plaintiff filed this lawsuit

---

[2] The Tenth Circuit specifically addressed this issue in *Franklin Savings Corp.*, 385 F.3d at 1286, holding that the dismissal of a prior lawsuit without prejudice does not authorize the filing of a subsequent FTCA suit outside of the limitations period.

on August 22, 2013, more than nine months after the agency denied his claim. Plaintiff's FTCA action is untimely according to the controlling law; consequently, the court lacks jurisdiction over his claim. *See, e.g., In re Agent Orange Product Liability Litigation*, 818 F.2d 210, 214 (2d Cir. 1987) ("In the absence of such compliance, a district court has no subject matter jurisdiction over the plaintiff's claim.") (internal citations omitted).

## B.    Equitable Tolling Is Not Applicable

Plaintiff asks this court to apply equitable tolling to his otherwise untimely FTCA claim. Equitable tolling may be applied when the statute of limitations has passed but "the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or [ ] the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass."[3] *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) ("[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence") (quoting *Brown v. Barrow,* 512 F.3d 1304, 1307 (11th Cir.2008)).

Plaintiff claims entitlement to equitable tolling on the basis that he could not procure the Prisoner Complaint form in time to cure the pleading deficiencies in his first FTCA action. The court's order provided clear instructions that Plaintiff could find the proper form on the court's

---

[3] At first glance, Plaintiff appears to qualify as a litigant who "fil[ed] a defective pleading during the statutory period." However, Plaintiff initiated the first action with a petition. *See Robinson*, 13-cv-01195-LTB. A petition does not constitute a pleading under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 7(a). The FTCA is a statute waiving sovereign immunity; as such, it requires strict compliance. *See Kubrick*, 444 U.S. at 117-18. The court is thus restricted to a stringent application of the law here, substantial compliance by Plaintiff or notice to Defendants notwithstanding.

website or ask his case manager for assistance.  Plaintiff counters that he is not allowed access to the internet, and no one at the EFCI law library whom he asked was familiar with the form. While this court is sympathetic to Plaintiff and the ordeal he has experienced, and can appreciate the Sisyphean task of relying on the very people one is suing for help in suing them, the law regarding equitable tolling is unequivocal.  *See Cuello v. United States of America*, No. 11-cv-2216 (KAM), 2013 WL 1338839, *8 (E.D.N.Y. March 29, 2013) (reviewing cases and surmising, "a putative FTCA claimant's ignorance of the initiation procedure or statute of limitations [ ] has been found insufficient to warrant equitable tolling of the FTCA, even where [ ] the claimant is incarcerated, lacks legal training, and asserts that the denial letter was confusing.").

Plaintiff admitted at the November 15, 2013 scheduling conference that his search for the Prisoner Complaint form extended no further than his inquiry within the prison's law library, despite the court's instructions that he seek help from his case manager.  *See Robinson*, 13-cv-01195-BNB (order directing petitioner to cure deficiencies).  Furthermore, Plaintiff waited until two days prior to the expiration of the § 2401(b) deadline before filing the first action.[4]  Plaintiff eventually succeeded in obtaining the form when he sought assistance from the court after his first FTCA action was dismissed without prejudice.  The unfortunate reality of Plaintiff's situation is he could have acted with greater diligence in obtaining the Prisoner Complaint form and he chose not to do so.  Plaintiff's allegations fall short of establishing the "extraordinary circumstances" required by other courts to toll the statutory period to file an FTCA claim.

---

[4] The Tenth Circuit has not yet reached the issue of whether equitable tolling applies to FTCA claims, finding in every instance that even if equitable tolling were available it would not benefit the plaintiffs.  *See Benge*, 17 F.3d at 1288; *Pipkin*, 951 F.2d at 274; *Farlaino v. United States*, No. 9505165, 1997 WL 139768, at *4 (10th Cir. Mar. 25, 1997).  The same is true here.  Even if equitable tolling were applicable and Plaintiff's circumstances warranted application of the doctrine, tolling could not salvage Plaintiff's FTCA claim because he allowed himself a buffer of only two days when he filed his first lawsuit.

Having found that the court lacks subject matter jurisdiction to consider Plaintiff's FTCA claim, this court declines to reach the issue of whether Plaintiff's Complaint fails to state a claim for negligence due to Plaintiff's failure to obtain a medical certificate pursuant to C.R.S. § 13-20-602 prior to filing his lawsuit.

## CONCLUSION

For the foregoing reasons, this court RECOMMENDS that Defendant's Motion to Dismiss (doc. #16) be GRANTED and Plaintiff's Complaint (doc. #1) be dismissed.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite

the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 24th day of April, 2014.

BY THE COURT:

s/Craig B. Shaffer_____
United States Magistrate Judge