**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

Civil Action No. 13-cv-02269-MSK-CBS

**KARL A. ROBINSON,**

    Plaintiff,

v.

**UNITED STATES OF AMERICA,**

    Defendant.

**OPINION AND ORDER ADOPTING RECOMMENDATION AND GRANTING
MOTION TO DISMISS**

**THIS MATTER** comes before the Court on the Magistrate Judge's Recommendation (**#26**) to grant the Motion to Dismiss (**#16**) filed by the Government. The Plaintiff, Karl Robinson, filed an Objection (**#27**) to the Recommendation.

**I.     ISSUES PRESENTED**

Mr. Robinson is a prisoner in the custody of the Federal Bureau of Prisons ("BOP") at the Federal Correctional Institution in Englewood, Colorado ("EFCI"). In his Complaint (**#1**), Mr. Robinson alleges that BOP medical staff were negligent in violation of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680.

In its Motion to Dismiss (**#16**), the Government asserts that the Court does not have subject matter jurisdiction over Mr. Robinson's claims because the Complaint was not timely filed. Alternatively, the Government asserts that Mr. Robinson's claims should be dismissed because he failed to file a certificate of review pursuant to C.R.S. § 13-20-602(1)(a).

## II.    FACTS

**A. Background**

Mr. Robinson's *pro se*[1] Complaint (**#1**) alleges the following facts.

In July 2008, while Mr. Robinson was in the custody of the BOP in Bennettsville, South Carolina, he was admitted to the hospital because of a severe allergic reaction. The hospital concluded that a severe allergic reaction "to either Bactrim or penicillin" caused injury to Mr. Robinson's liver. Mr. Robinson was not informed that he might possibly be allergic to Bactrim, but the hospital's report was placed in his BOP medical records. The BOP's electronic medical records for Mr. Robinson, however, were updated only with a notation that he had an allergy to penicillin, not Bactrim.

On August 22, 2011, Mr. Robinson came to the medical clinic at EFCI because of an infection. Although at first a nurse refused to see him because he did not have an appointment, he eventually met with a mid-level medical provider who prescribed antibiotics, including Bactrim.

Over the next several days, Mr. Robinson repeatedly came to the clinic reporting that he was "feeling awful." He presented the following specific symptoms during his various visits to the clinic: a temperature of 102.9, "blood-shot eyes, a swollen face, rashes on both arms, and [] vomiting." Each time he was ordered to return to the housing unit.

---

[1] The Court is mindful of Mr. Meek's *pro se* status, and accordingly, reads his pleadings and filings liberally. *See Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594 (1972); *see also Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *See Gallagher v. Shelton,* 587 F.3d 1063, 1067 (10th Cir. 2009).

On August 27, 2011, Mr. Robinson could no longer walk without assistance and "was in extreme pain." That night he was taken to a hospital in Englewood. The treating physician "diagnosed him with having a severe allergic reaction to the medication he was prescribed," most likely Bactrim, which results in "acute liver injury."

On September 2, 2011, the hospital released Mr. Robinson. His physician ordered daily lab work for Mr. Robinson for the next three days and stated that he should see a doctor at EFCI within one day of his release from the hospital. The physician also prescribed eight medications.

Upon his arrival at EFCI, the medical staff did not follow the physician's recommendations. Mr. Robinson met with a mid-level medical provider who provided Mr. Robinson with two medications, which may or may not have been among those prescribed by the hospital physician. In addition, the medical staff did not perform any lab work on Mr. Robinson until September 8, 2011. Although the medical staff informed Mr. Robinson on September 14, 2011 that some of his lab results were abnormal, no additional lab work was ordered and Mr. Robinson's requests to speak with a doctor were refused until October 17, 2011.

### B. Procedural History

Mr. Robinson filed an administrative claim pursuant to the FTCA with the BOP's North Central Regional Office ("Regional Office") on May 16, 2012 based on the EFCI medical staff's "refusal to treat [his] obvious symptoms of an allergic reaction, as well as their refusal to allow [him] to see a medical doctor after [his] discharge from [the hospital]." The Regional Office denied Mr. Robinson's claim on November 8, 2012 because "[i]nvestigation of [his] claim did not reveal [he] suffered any personal injury as a result of the negligent acts or omissions of the Bureau of Prisons employees." The Regional Office also informed Mr. Robinson that "[i]f [he was] dissatisfied with [the] agency's action, [he] may file suit in the appropriate district Court no

3

later than six months after the date of mailing of [the denial] notification." Mr. Robinson received the denial from the Regional Office on November 13, 2012.

On May 6, 2013, within six months of the Regional Office's denial, Mr. Robinson commenced an action by filing a "Petition for Relief Pursuant to the Federal Tort Claims Act." *See Robinson v. United States*, 13-cv-01195-LTB. Upon review under Local Rule 8.2,[2] the Court determined that the filing was deficient because Mr. Robinson did not submit a Complaint or a 28 U.S.C. § 1915 Motion and Affidavit. The Court issued an Order Directing Petitioner to Cure Deficiencies on May 7, 2013, which noted the specific deficiencies and directed Mr. Robinson to "obtain the court-approved Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and Prisoner Complaint forms (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions at www.cod.uscourts.gov." The Order stated that if Mr. Robinson failed to cure the deficiencies within thirty days, the action would be dismissed without prejudice.

On June 5, 2013, Mr. Robinson filed a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Again, Mr. Robinson did not submit a Prisoner Complaint, and on June 12, 2013, the Court dismissed the action because of Mr. Robinson's "failure to cure all of the deficiencies" as ordered by the Court. Mr. Robinson filed a Motion to Reconsider, stating that he "filed [his] complaint with the court" and "[i]f [he] never filed a complaint, how did the court even know about the matter?" The Court denied the Motion to Reconsider on June 24, 2013 because "Mr. Robinson did not cure all of the deficiencies because he did not file a Prisoner Complaint on the proper form as directed and as required by the Court's local rules."

---

[2] In the current version of the Local Rules, this provision is found in Local Rule 8.1.

On August 22, 2013, Mr. Robinson commenced the present action based upon the same claims raised in his May 6, 2013 petition by filing a Prisoner Complaint using the Court-approved form. As relevant here, the Government moved to dismiss Mr. Robinson's Complaint for lack of jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) because Mr. Robinson's Complaint was filed more than six months after the Regional Office denied his administrative claim. The matter was referred to the Magistrate Judge.

The Magistrate Judge's Recommendation concluded that Mr. Robinson's Complaint should be dismissed for lack of subject matter jurisdiction because (i) the Complaint was untimely under the FTCA because it was not filed within six months of the Regional Office's denial of Mr. Robinson's administrative claim as required by 28 U.S.C. § 2401(b), (ii) the present action does not relate back to Mr. Robinson's previous FTCA action, and (iii) Mr. Robinson did not satisfy the requirements for equitable tolling of his claim.

Mr. Robinson filed an Objection to the Recommendation on the grounds that equitable tolling is appropriate because (i) he did not initially understand that there was a specific Prisoner Complaint form, (ii) his case manager is not required to assist inmates with obtaining the proper forms for filings with the court, and (iii) the prison law library staff told him there was no Prisoner Complaint form available.

### III.   STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive motion, the parties may file specific, written objections within fourteen days after being served with a copy of the recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The district court reviews *de novo* determination those portions of the recommendation to which a timely and specific

5

objection is made. *See United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.,* 73 F.3d 1057, 1060 (10th Cir. 1996).

Rule 12(b)(1) enables a party to move to dismiss claims over which the Court lacks subject matter jurisdiction. Rule 12(b)(1) motions generally take one of two forms. *See Stuart v. Colorado Interstate Gas Co.,* 271 F.3d 1221, 1225 (10th Cir.2001). The moving party may either facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests. *See Maestas v. Lujan,* 351 F.3d 1001, 1013 (10th Cir.2003). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Montoya v. Chao,* 296 F.3d 952, 955 (10th Cir.2002).

## IV.   ANALYSIS

Mr. Robinson objects to the Magistrate Judge's conclusion that equitable tolling is not applicable to his claim. Specifically, he asserts that equitable tolling is appropriate because he was unaware of the specific form required by the Court and prison staff refused to provide him with the Court's Prisoner Complaint form when he inquired about it.

To justify equitable tolling, a litigant generally must "establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in the way." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quotations omitted). The party seeking to justify equitable tolling "bears a strong burden to show specific facts to support" both prongs. *Id.* (quotations omitted).

Here, however, Mr. Robinson's Complaint is untimely regardless of whether he can establish the elements necessary to justify equitable tolling.[3] Equitable tolling does not eliminate

---

[3] The Court notes that there are significant facts that undermine Mr. Robinson's assertions of diligence. For example, Mr. Robinson has offered no reason for the delay in filing his first

6

the timeliness requirement. Instead, "[p]rinciples of equitable tolling usually dictate that when a time bar has been suspended and then begins to run again upon a later event, the time remaining on the clock is calculated by subtracting from the full limitations period whatever time ran before the clock was stopped." *United States v. Ibarra*, 502 U.S. 1, 4 n.2 (1991).

Thus, even if the Court concluded that the doctrine of equitable tolling suspended the clock when Mr. Robinson filed the first action on May 6, 2013, doing so would only give Mr. Robinson a very short period—two days—to refile after dismissal. *See Benge v. United States*, 17 F.3d 1286, 1288 (10th Cir. 1994). However, Mr. Robinson's Complaint in the instant action was filed on August 22, 2013, fifty-nine days after the Court denied his Motion for Reconsideration and, thus, "well after any additional period to which [Mr. Robinson] would be entitled." *See id.* (concluding that plaintiffs' FTCA claims were time barred where an initial action was filed two days before the six-month deadline and a second action was filed fifty-two days after the dismissal of the first).

Further, Mr. Robinson has not alleged any specific facts that would support additional tolling beyond the date of dismissal based on the prison staff's failure to provide Mr. Robinson with the Court's Prisoner Complaint form. Mr. Robinson asserts that he inquired about the form to the prison law library and education department before the first action was dismissed. He also asserts that after the Court dismissed his first FTCA action he made one more request to the law library for the form before contacting the Court. Mr. Robinson acknowledges that, upon his

---

FTCA action, especially considering that his Petition for Relief Pursuant to the Federal Tort Claims Act was nearly identical to the administrative claim he filed in May 2012. *See United States v. Gabaldon*, 522 F.3d 1121, 1126 (10th Cir. 2008) (quoting *Valverde v. Stinson*, 224 F.3d 129, 136 (2d Cir. 2000)) ("Extraordinary circumstances cannot 'prevent' a petitioner from filing on time if, prior to the occurrence of those circumstances, the petitioner has been so neglectful in the preparation of his petition that even in the absence of the extraordinary circumstances, a reasonable person in the petitioner's situation would have been unable to file in the time remaining within the limitations period.").

written request, the Court mailed the Prisoner Complaint form to him. However, he does not provide any information about when he made these inquiries or when he received the Prisoner Complaint form from the Court. Thus, even if the circumstances subsequent to the first action's dismissal warranted equitable tolling, the Court cannot conclude that circumstances justified tolling the deadline for an additional fifty-nine days.

Thus, Mr. Robinson's Complaint was not timely filed, as required by 28 U.S.C. §2401(b). Accordingly, the Court lacks subject matter jurisdiction to hear Mr. Robinson's FTCA claims. *See In re Franklin Sav. Corp.*, 385 F.3d at 1287.

## V.   CONCLUSION

**IT IS THEREFORE ORDERED** that  (1) For the forgoing reasons, Mr. Robinson's Objections (**#27**) to the Recommendation are overruled.

(2) The Court therefore **ADOPTS** the Recommendation and **GRANTS** the Motion to Dismiss (**#26**) filed by the Government.

Dated this 5th day of June, 2014.

          **BY THE COURT:**

          _____
          Marcia S. Krieger
          Chief United States District Judge